56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Caryl Ann BAHNSON, Plaintiff-Appellant,
v.
The OFFICE OF the PIMA COUNTY SHERIFF; and Shannon Ray
Collier, individually and in his official capacity as an
Officer of Pima County Sheriff's Office; and Ronald Lee
Hill, individually and in his official capacity as an
Officer of Pima County Sheriff's Office, Defendant-Appellee.
 No. 93-17332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1995.
Decided May 24, 1995.
 
 Before: GIBSON,* GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Caryl Ann Bahnson was briefly detained by Officers Shannon Ray Collier and Ronald Lee Hill after Officer Collier alleged that Bahnson struck him with the front bumper of her truck. Officer Collier required Bahnson to produce her driver's license, but did not cite or arrest her. A charge of misdemeanor assault was later filed against Bahnson, and eventually dropped.
 
 
 3
 As a result of this episode, Bahnson brought a Sec. 1983 action against the Pima County Sheriff's Department and Officers Collier and Hill. The district court granted summary judgment for the defendants on Bahnson's federal claims, and dismissed without prejudice Bahnson's supplemental state claims. We reverse in part, and affirm in part.
 
 DISCUSSION
 
 4
 Summary judgment may be granted if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Where the factual context renders a claim speculative or implausible, the party making the claim must present more persuasive evidence to support it than would be otherwise necessary. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 5
 Adding a wrinkle to the summary judgment standard in this case is the fact that these defendants enjoy qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Officers are liable for damages only if their conduct violated clearly established constitutional rights of which a reasonable person would have known. Id. Although Harlow generally limits the qualified immunity inquiry to objective factors, inquiry into the defendants' subjective intent is appropriate wherever subjective intent is an element of the alleged constitutional tort. Branch v. Tunnell, 937 F.2d 1382, 1386 (9th Cir. 1991). Here, Bahnson alleges facts consistent with lawful conduct and appends a claim of unconstitutional motive. We must reject conclusory assertions of improper intent and "satisfy [ourselves] that there is sufficient direct or circumstantial evidence of intent ... before [we] can deny summary judgment of the ground of immunity." Lindsey v. Shalmy, 29 F.3d 1382, 1385 (9th Cir. 1994) (internal quotations and citations omitted).
 
 A. Counts One and Two
 
 6
 Counts one and two of Bahnson's complaint turn upon her "subterfuge" theory -- the theory that Officer Collier intentionally placed himself in front of her truck, and then created the appearance that he had been injured in order to detain Bahnson and compel her to disclose the information on her driver's license. Count one alleges that Bahnson had a constitutionally protected privacy interest in keeping the information on her driver's license secret, which was violated when Officer Collier's "subterfuge" forced her to display her license to him. Count two alleges that the "subterfuge" was an unreasonable seizure in violation of the Fourth Amendment.
 
 
 7
 Count one is redundant and fails to state a claim. Any "privacy right" a driver has in concealing her license data from the prying eyes of a police officer is encompassed by the Fourth Amendment itself. See Delaware v. Prouse, 440 U.S. 648, 662-63 (1979). Where government conduct comports with a specific constitutional provision -- such as the Fourth Amendment's guarantee against unreasonable searches and seizures -- it must also comport with a generalized interest formed by emanations from the specific constitutional provision.[1]
 
 
 8
 We have examined the record with care, and have concluded that, on count two, summary judgment was appropriate. The proposition that Officer Collier intentionally placed himself in front of Bahnson's car in order to fabricate a justification to detain her is nothing more than that -- a (far-fetched) proposition. See Matsushita, 475 U.S. at 587. It is not based on "sufficient direct or circumstantial evidence" to warrant a trial. Lindsey, 29 F.3d at 1385. Based on the record before it, the district court properly concluded that the brief post-accident detention and investigation of Bahnson were lawful.[2]
 
 B. Count Three
 
 9
 Count three contains two allegations. The first is that Officers Collier and Hill submitted a knowingly false accident report in order to influence the prosecutor's decision to file assault charges against Bahnson. Summary judgment was appropriate with regard to Officer Hill. Bahnson presented no evidence that Officer Hill knowingly made false statements in his report. Summary judgment was, however, inappropriate with regard to Officer Collier.
 
 
 10
 Bahnson has pointed to evidence that suggests there never was a basis for charging her with assault. The record is clear that Officer Collier personally did not charge Bahnson with criminal assault. There is, however, more than one way to cause an unjustified criminal prosecution to be brought against a person. On remand, Bahnson may be able to show (1) that Officer Collier presented to Deputy County Attorney Kerry Muldaney-Ascher (perhaps indirectly, through Officer Hill and Deputy Marcus Lynch) information about the accident that he knew to be false; or (2) that Officer Collier pressured Muldaney-Ascher to act contrary to her independent judgment. Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir. 1981).
 
 
 11
 If Bahnson can show either (1) or (2), she may be entitled to recover damages suffered subsequent to October 10, 1990, the date when the assault charge was filed. "Filing of a criminal complaint immunizes investigating officers such as the appellants from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time" -- but the presumption may be rebutted. Smiddy, 665 F.2d at 267.
 
 
 12
 The second allegation contained in count three is that the Pima County Sheriff's Department has a pattern and practice of failing to fully investigate citizen complaints against its officers. The record shows that Detective Griskowski initiated an internal affairs investigation into this matter, interviewed Officers Collier and Hill, and sent Officer Collier a letter of counseling telling him that he should have been more polite to Bahnson. The thrust of Bahnson's argument is that a proper internal investigation of her complaint against Officer Collier would have led internal affairs to concur in her "subterfuge" theory. Even if a better investigation had supported her allegations, Bahnson did not present evidence to support a "pattern and practice" claim. She makes vague allegations, but does not present facts that indicate a pattern of inadequate investigations of citizen complaints. A single investigation, even an inadequate one, is not a pattern or practice. Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992). Bahnson's untimely effort to extend discovery to enhance this claim presents no reviewable question on this record. See Alexander v. City and County of San Francisco, 29 F.3d 1355, 1368 (9th Cir. 1994). We affirm the summary judgment with regard to the Pima County Sheriff's Department.[3]
 
 
 13
 C. Count Four.
 
 
 14
 Count four of Bahnson's complaint alleges that the Pima County Sheriff's Department has a policy and practice of "taking the sides of officers in matters involving disputes between officers and citizens." This, it is alleged, violates equal protection. The allegation is supported by no competent evidence. We affirm the grant of summary judgment on count four.
 
 D. Miscellaneous Federal Claims
 
 15
 Bahnson makes a number of other claims, including: internal affairs failed to disclose Brady material, Brady v. Maryland, 373 U.S. 83 (1963), a vain suggestion because there has never been a "proceeding" the result of which would have been different had the Brady material been disclosed;[4] Officer Collier "and/or the Sheriff's Department as a whole" discriminates against women, an allegation not made in her complaint and not supported by the record; and other claims of this sort. Summary judgment was properly granted as to all of these claims.
 
 E. Supplemental State Claims
 
 16
 Because the district judge believed that all of Bahnson's federal law claims were subject to dismissal, he dismissed her supplemental state law claims and invited her to litigate them in state court. In light of our decision to permit Bahnson to proceed to trial in federal court on count three of her complaint, the district judge's dismissal of her supplemental state claims is reversed.
 
 IV. ATTORNEY'S FEES
 
 17
 Bahnson is not entitled to attorney's fees for this appeal because she is not a "prevailing party" for purpose of the Fees Act, 42 U.S.C. Sec. 1988. Although her success is partial, Bahnson has demonstrated only the existence of a genuine dispute and her entitlement to go forward. She has not prevailed on the merits of any of her claims. See Hanrahan v. Hampton, 446 U.S. 754, 758-59 (1980).
 
 V. CONCLUSION
 
 18
 We reverse the summary judgment in part. Bahnson is entitled, subject to procedural rules, to proceed to trial with her claim (in count three) that Officer Collier wrongfully influenced the prosecutor's decision to file against Bahnson assault charges that he knew to be false. Bahnson is also entitled to proceed on her supplemental state claims which were dismissed without prejudice when the district court dismissed all her federal claims. In all other respects, the summary judgment is affirmed; no party shall recover costs on this appeal.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For the first time on appeal, Bahnson argues that the "subterfuge" also violated her First Amendment right to ask questions of police officers. The idea here is that the "subterfuge" was in retaliation for Bahnson's query whether her personal information was truly necessary to pursue a complaint against a reckless driver. See Duran v, City of Douglas, Ariz., 904 F.2d 1372, 1378 (9th Cir. 1990)
 Idle speculation alone supports the theory that Officer Collier had this particular retaliatory motive; one could just as easily speculate that Officer Collier intended to hassle Bahnson for exercising her constitutional right to travel. In any event, Bahnson waived this issue when she failed to present it to the district court.
 
 
 [2]
 Under Arizona law, "[a] peace officer may stop and detain a person as is reasonably necessary to investigate an actual or suspected violation of any traffic law committed in the officer's presence...." A.R.S. Sec. 13-3883 (B). The provision is constitutional. See Prouse, 440 U.S. at 663; United States v. Fouche, 776 F.2d 1398, 1403 (9th Cir. 1985)
 
 
 [3]
 Our resolution of this claim makes it unnecessary to reach the question whether a citizen has standing to claim damages against a Sheriff's Department for its "pattern and practice" of conducting inadequate internal affairs proceedings. Cf. Los Angeles v. Lyons, 461 U.S. 95, 101, 111 (1983)
 
 
 [4]
 Brady requires the disclosure only of "material" evidence, 373 U.S. at 87, and evidence is "material" only if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," United States v. Bagley, 473 U.S. 667, 682 (1985) (emphasis added). To avoid a Brady violation, the government need only disclose the evidence when it would still be of value to the defendant at trial. United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir. 1988). Because there has been no trial, there can be no Brady violation